Jennifer C. Terry (SBN 200541)
Email:      jennifer.terry@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Ronnie Shou (SBN 312955)
Email:      rshou@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
LA JOLLA CRAB PARTNERS, LLC;
TRULUCK'S RESTAURANT GROUP LP;
S&P RESTAURANTS. INC., AND ADAM
LANCASTER

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUITALHUAC MACIAS,<br><br>                    Plaintiff,<br><br>        vs.<br><br>LA JOLLA CRAB PARTNERS, LLC;<br>TRULUCK'S RESTAURANT GROUP LP; S&P<br>RESTAURANTS, INC., WHICH WILL DO<br>BUSINESS IN CALIFORNIA AS TRULUCK'S<br>S&P RESTAURANTS, INC.; ADAM<br>LANCASTER, an individual; and DOES 1<br>through 100, inclusive,<br><br>                    Defendants. | Case No.: __'21CV1277 BEN DEB__<br><br>**NOTICE OF REMOVAL BY<br>DEFENDANTS LA JOLLA CRAB<br>PARTNERS, LLC, TRULUCK'S<br>RESTAURANT GROUP LP, AND S&P<br>RESTAURANTS, INC.**<br><br>San Diego County Superior Court<br>Case No.: 37-2021-00024889-CU-WT-CTL<br><br>Compl. Filed:        June 7, 2021 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1     **PLEASE TAKE NOTICE** that Defendants La Jolla Crab Partners, LLC ("LJCP"), Truluck's

2     Restaurant Group ("Truluck's"), and S&P Restaurants Inc. ("S&P") (collectively "Defendants")

3     remove the above-captioned action from the Superior Court of the State of California for the County

4     of San Diego to the United States District Court for the Southern District of California pursuant to 28

5     U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity under 28

6     U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being

7     served upon counsel for Plaintiff Cuitlahuac Macias ("Plaintiff") and filed with the Clerk of the

8     California Superior Court for the County of San Diego, as an exhibit to a Notice to State Court of

9     Removal to Federal Court.

10    ## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

11    1.     Plaintiff initially filed this action against Defendants on June 7, 2021, in the Superior

12    Court for the County of San Diego, in a case entitled, *Macias v. La Jolla Crab Partners, LLC, et al*,

13    Case No. 37-2021-00024889-CU-WT-CTL (the "State Court Action"). *See* Declaration of Jennifer C.

14    Terry ("Terry Decl.") at ¶ 2.

15    2.     In the State Court Action, Plaintiff's Complaint alleges ten (10) state law claims: (1)

16    wrongful termination in violation of public policy; (2) retaliation; (3) employment discrimination

17    based upon race and nationality; (4) employment discrimination based upon age; (5) hostile work

18    environment and harassing in the workplace; (6) intentional infliction of emotional distress; (7)

19    negligent supervision and retention; (8) failure to pay meal period compensation; (9) failure to pay

20    rest period  compensation; and (10) unfair business practices. *See generally* Complaint.

21    3.     On June 16, 2021, Defendants were served by process server through their agent for

22    service of process. Terry Decl. at ¶ 3.

23    4.     On July 15, 2021, Defendants timely removed the State Court Action to this Court. *Id.*

24    at ¶ 4. Before this removal, Defendants filed their answer to the Complaint in state court on July 14,

25    2021. *Id*. at ¶ 4.

26    5.     Copies of the Summons, Complaint, and Defendants' Answer in the State Court Action

27    are attached to the Terry Decl. as **Exhibit A, B, and C**, and constitute all process, pleadings, and

28    orders purported to be served upon Defendants in this action or filed by Defendants in this action. *Id.*

2

NOTICE OF REMOVAL BY DEFENDANTS LA JOLLA CRAB PARTNERS, LLC,
TRULUCK'S RESTAURANT GROUP LP, AND S&P RESTAURANTS, INC.

at ¶ 5.

## NO JOINDER NECESSARY

6.      As of the date of this filing, co-defendant Adam Lancaster ("Lancaster") has not been served in the State Court Action.  However, Lancaster consents to this removal. Declaration of Adam Lancaster ("Lancaster Decl.") at ¶ 2. Because there are no other ascertainable defendants in this action, no consent to removal is necessary.

## BASES FOR REMOVAL

7.      This Court has original jurisdiction under 28 U.S.C. § 1332 and Defendants may remove the State Court Action from state court to federal court pursuant to 28 U.S.C. § 1441 because it involves a controversy that exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000) between citizens of different states.

## DIVERSITY JURISDICTION

### Plaintiff's Citizenship

8.      Plaintiff alleges that he is a resident of California at all times material to his Complaint. Complaint at ¶ 1.  A natural person's citizenship is determined by their state of domicile. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Therefore, as Plaintiff is domiciled in California, he is a citizen of the State of California for the purposes of diversity.

### Defendant LJCP's Citizenship

9.      Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." LJCP was incorporated under the laws of the State of Texas.  Its principal place of business is in Houston, Texas under the "nerve center" test, and has been in Houston, Texas prior to the commencement of this Action. Declaration of Patricia Turner ("Turner Decl.") at ¶ 2; Terry Decl. at ¶ 6, **Exh. D**; *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Accordingly, LJCP is a citizen of the State of Texas.

### Defendant Truluck's Citizenship

10.      Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

3

Truluck's was incorporated under the laws of the State of Texas.  Its principal place of business is in Houston, Texas under the "nerve center" test, and has been in Houston, Texas prior to the commencement of this Action. Turner Decl. at ¶ 3; Terry Decl. at ¶ 7, **Exh. E**; *Hertz Corp.*, 559 U.S. at 92-93.  Accordingly, Truluck's is a citizen of the State of Texas.

**Defendant S&P's Citizenship**

11.    Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." S&P was incorporated under the laws of the State of Texas.  Its principal place of business is in Houston, Texas under the "nerve center" test, and has been in Houston, Texas prior to the commencement of this Action. Turner Decl. at ¶ 4; Terry Decl. at ¶ 8, **Exh. F**; *Hertz Corp.*, 559 U.S. at 92-93.  Accordingly, S&P is a citizen of the State of Texas.

**Individual Defendant Adam Lancaster's Citizenship**

12.    Individual Defendant Lancaster is domiciled in Maine and has been since March 1, 2020.  Lancaster Decl. at ¶ 3.  A natural person's citizenship is determined by their state of domicile. *Kantor*, 265 F.3d at 857. Therefore, Lancaster is a citizen of the State of Maine for the purposes of diversity.

**The Parties are Diverse**

13.    As set forth above, complete diversity of citizenship exists here because the parties, Plaintiff, Defendants, and Lancaster, are citizens of different states. Additionally, the Complaint does not set forth the identity or status of any said fictitious defendants, nor any charging allegation against any fictitious defendants. The citizenship of these Doe defendants is disregarded for diversity jurisdiction, and therefore cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a).

**Amount in Controversy Exceeds $75,000**

14.    The Complaint seeks general damages, including non-economic damages, in the sum of **$2,000,000**; special damages, including economic damages, including without limitation, loss of income, loss of wages, loss of back-pay and front-pay, loss of employment benefits, loss of earning capacity and medical expenses in the sum of **$1,500,000**; restoration and restitution of money acquired

4

NOTICE OF REMOVAL BY DEFENDANTS LA JOLLA CRAB PARTNERS, LLC,
TRULUCK'S RESTAURANT GROUP LP, AND S&P RESTAURANTS, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

by unfair business practices in the sum of **$500,000**; punitive and exemplary damages in the sum of **$2,000,000**; pre- and post-judgement interest in the sum of **$150,000**; attorneys' fees in the sum of **$300,000**, and costs of suit in the sum of **$35,000**. *See* Complaint at p. 16. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submission." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014). When courts "assess the amount in controversy [they] … include all relief to which a plaintiff is entitled if the action succeeds." *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The Court must also presume Plaintiff will prevail on each and every one of his claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002). Moreover, Defendants only need to show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996). Here, Plaintiff is seeking **$6,485,000** in monetary relief and thus the Court can reasonably ascertain from Plaintiff's Complaint and his prayer for relief that the amount in controversy well exceeds $75,000.

15.     While Defendants deny any liability in connection with Plaintiff's claims, because diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(a).

**VENUE**

16.     The State Court Action is being removed from the Superior Court of the State of California, County of San Diego. *See generally* Complaint. As such, venue lies in the Southern District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a).

**TIMELINESS OF REMOVAL**

17.     This Notice of Removal is timely because Defendants removed within 30 days of service. 28 U.S.C. § 1446(b).

//

//

//

//

NOTICE OF REMOVAL BY DEFENDANTS LA JOLLA CRAB PARTNERS, LLC, TRULUCK'S RESTAURANT GROUP LP, AND S&P RESTAURANTS, INC.

## CONCLUSION

WHEREFORE, Defendants gives notice that the State Court Action pending against them in the Superior Court of the State of California for the County of San Diego is removed to this Court.


DATED: July 15, 2021

REED SMITH LLP


By: /s/ Ronnie Shou
Jennifer C. Terry
Ronnie Shou
Attorneys for Defendants
LA JOLLA CRAB PARTNERS, LLC;
TRULUCK'S RESTAURANT GROUP LP; S&P
RESTAURANTS. INC. AND ADAM
LANCASTER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF REMOVAL BY DEFENDANTS LA JOLLA CRAB PARTNERS, LLC,
TRULUCK'S RESTAURANT GROUP LP, AND S&P RESTAURANTS, INC.