Jennifer C. Terry (SBN 200541)
Email:     jennifer.terry@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Ronnie Shou (SBN 312955)
Email:     rshou@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
LA JOLLA CRAB PARTNERS, LLC;
TRULUCK'S RESTAURANT GROUP LP;
S&P RESTAURANTS. INC., AND ADAM
LANCASTER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUITALHUAC MACIAS,<br><br>       Plaintiff,<br><br>    vs.<br><br>LA JOLLA CRAB PARTNERS, LLC;<br>TRULUCK'S RESTAURANT GROUP LP; S&P<br>RESTAURANTS, INC., WHICH WILL DO<br>BUSINESS IN CALIFORNIA AS TRULUCK'S<br>S&P RESTAURANTS, INC.; ADAM<br>LANCASTER, an individual; and DOES 1<br>through 100, inclusive,<br><br>       Defendants. | Case No.:  **'21 CV 1277 BEN DEB**<br><br>**DECLARATION OF JENNIFER C. TERRY<br>IN SUPPORT OF DEFENDANTS'<br>REMOVAL OF CIVIL ACTION TO THE<br>UNITED STATES DISTRICT COURT**<br><br>San Diego County Superior Court<br>Case No.: 37-2021-00024889-CU-WT-CTL<br><br>Compl. Filed:       June 7, 2021 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

I, Jennifer C. Terry, declare as follows:

1.      I am a partner at the law firm Reed Smith LLP, attorneys of record in this action for Defendants La Jolla Crab Partners, LLC ("LJCP"), Truluck's Restaurant Group ("Truluck's"), S&P Restaurants Inc. ("S&P") (collectively "Defendants"), and Adam Lancaster ("Lancaster"). I am licensed to practice law in the State of California and before this United States District Court. I have personal knowledge of the matters contained in this Declaration. I submit this Declaration in support of United's removal of the civil action to this Court.

2.      On June 7, 2021, Plaintiff filed above-captioned case, *Macias v. La Jolla Crab Partners, LLC, et al*, Case No. 37-2021-00024889-CU-WT-CTL, against all defendants, in the Superior Court for the County of San Diego, (the "State Court Action").

3.      On June 16, 2021, Defendants were served by process server through their agent for service of process.

4.      On July 15, 2021, Defendants timely removed the State Court Action to this Court. On July 14, 2021, Defendants filed their answer to the Complaint in state court.

5.      True and correct copies of Defendants' Summons, the Complaint, and Answer in the State Court Action are attached hereto as **Exhibit A, B and C, respectively**.  These Documents constitute all process, pleadings, and orders purported to be served upon Defendants in this action or filed by Defendants in this action.

6.      A true and correct copy of LJCP's Statement of Information filed with the California Secretary of State reflecting that its principal office is in Houston, Texas is attached hereto as **Exhibit D.**

7.      A true and correct copy of Truluck's Foreign Limited Partnership Application for Registration filed with the California Secretary of State reflecting that its principal office is in Houston, Texas is attached hereto as **Exhibit E.**

8.      A true and correct copy of S&P's State of Information filed with the California Secretary of State reflecting that its principal office is in Houston, Texas is attached hereto as **Exhibit**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DECLARATION OF JENNIFER C. TERRY IN SUPPORT OF DEFENDANTS' REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

**F.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on July 14, 2021, at Los Angeles, California.

/s/ Jennifer C. Terry
Jennifer C. Terry

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DECLARATION OF JENNIFER C. TERRY IN SUPPORT OF DEFENDANTS' REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
06/16/2021
CT Log Number 539745351

**TO:** Patricia Turner
Patricia Nowak Turner
9601 KATY FWY STE 210
HOUSTON, TX 77024-1332

**RE:** **Process Served in California**

**FOR:** La Jolla Crab Partners, LLC  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CUITLAHUAC MACIAS, PLTF. vs. LA JOLLA CRAB PARTNERS, LLC, ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 37202100024889CUWTCTL |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/16/2021 at 14:57 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/17/2021, Expected Purge Date: 09/15/2021 |
| | Image SOP |
| | Email Notification,  Patricia Turner  pturner@trulucks.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203 |
| | 877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Wed, Jun 16, 2021

**Server Name:**       George Todd

| Entity Served | LA JOLLA CRAB PARTNERS, LLC |
|---|---|
| Case Number | 37-2021-00024889-CU-WT-CTL |
| Jurisdiction | CA |



# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT
GROUP LP; S&P RESTAURANTS, INC., WHICH WILL DO
BUSINESS IN CALIFORNIA AS TRULUCK'S S&P RESTAURANTS,
INC.; ADAM LANCASTER, an individual; and DOES 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CUITLAHUAC MACIAS

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/07/2021** at 03:08:33 PM

Clerk of the Superior Court
By Emily Schilawski,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
330 W. Broadway
San Diego, CA 92101
HALL OF JUSTICE

CASE NUMBER:
*(Número del Caso):* 37-2021-00024889-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

NICHOLAS CAMERON, ESQ. (SB# 236607)
LAW OFFICES OF NICHOLAS CAMERON & ASSOCIATES
920 East Civic Center Drive
Santa Ana, CA 92701 Tel: 714-835-9900

THOMAS R. NIGRO, ESQ. (SB# 113498)
LAW OFFICES OF THOMAS R. NIGRO
26632 Towne Centre Drive, Suite 300
Foothill Ranch, CA 92610  Tel: 949-453-1777

DATE:
*(Fecha)* 06/08/2021

Clerk, by _____, Deputy
*(Secretario)* E. Schilawski *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* La Jolla Crab Partners, LLC

    under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
    ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| NICHOLAS CAMERON, ESQ. (SB#236607)   THOMAS R. NIGRO, ESQ. (SB#113498)<br>LAW OFCS OF NICHOLAS CAMEORN & ASSOC   LAW OFFICES OF THOMAS R. NIGRO<br>920 East Civic Center Drive   26622 Towne Centre Drive, Suite 300<br>Santa Ana, CA 92701   Foothill Ranch, CA 92610<br>Tel: 714-835-9900 Fax: 714-835-9800   Tel: 949-453-1777 Fax: 949-453-1677<br>TELEPHONE NO.:   FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff, CUITLAHUAC MACIAS | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**06/07/2021** at 03:08:33 PM<br>Clerk of the Superior Court<br>By Emily Schilawski, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
| STREET ADDRESS: 330 W. Broadway |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Diego, CA  92101 |
| BRANCH NAME: HALL OF JUSTICE |

| CASE NAME:  CUITLAHUAC MACIAS v LA JOLLA CRAB PARTNERS, LLC; et al. | 37-2021-00024989-CU-WT-CTL |
|---|---|

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: |
|---|---|---|
| | | JUDGE:  Judge Ronald F. Frazier<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 3, 2021
THOMAS R. NIGRO, Atty for Plaintiff
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**  Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| DIVISION: Central | |
| TELEPHONE NUMBER: (619) 450-7065 | |

| PLAINTIFF(S) / PETITIONER(S): CUITLAHUAC MACIAS |
|---|
| DEFENDANT(S) / RESPONDENT(S): LA JOLLA CRAB PARTNERS LLC et.al. |
| |
| MACIAS VS LA JOLLA CRAB PARTNERS LLC [IMAGED] |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2021-00024889-CU-WT-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Ronald F. Frazier                                          Department: C-65

**COMPLAINT/PETITION FILED:** 06/07/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/17/2021 | 10:15 am | C-65 | Ronald F. Frazier |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2021-00024889-CU-WT-CTL     CASE TITLE: Macias vs La Jolla Crab Partners LLC [IMAGED]

**<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S):   CUITLAHUAC MACIAS |
|---|
| DEFENDANT(S): LA JOLLA CRAB PARTNERS LLC et.al. |
| SHORT TITLE:   MACIAS VS LA JOLLA CRAB PARTNERS LLC [IMAGED] |

| **STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2021-00024889-CU-WT-CTL |
|---|---|

Judge: Ronald F. Frazier                                                          Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                   ☐ Binding private arbitration

☐ Voluntary settlement conference (private)     ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____                    _____
Name of Plaintiff                                          Name of Defendant

_____                    _____
Signature                                                    Signature

_____                    _____
Name of Plaintiff's Attorney                            Name of Defendant's Attorney

_____                    _____
Signature                                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  06/08/2021                                          _____
                                                                      JUDGE OF THE SUPERIOR COURT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| NICHOLAS CAMERON, ESQ. (SB#236607)    THOMAS R. NIGRO, ESQ. (SB#113498)<br>LAW OFCS OF NICHOLAS CAMEORN & ASSOC   LAW OFFICES OF THOMAS R. NIGRO<br>920 East Civic Center Drive          26632 Towne Centre Drive, Suite 300<br>Santa Ana, CA 92701                  Foothill Ranch, CA 92610<br>Tel: 714-835-9900 Fax: 714-835-9800  Tel: 949-453-1777 Fax: 949-453-1677 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**06/07/2021** at 03:08:33 PM<br>Clerk of the Superior Court<br>By Emily Schilawski,Deputy Clerk |

TELEPHONE NO.:    FAX NO.:
ATTORNEY FOR *(Name):*  Plaintiff, CUITLAHUAC MACIAS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
  STREET ADDRESS: 330 W. Broadway
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Diego, CA 92101
  BRANCH NAME: HALL OF JUSTICE

| CASE NAME:  CUITLAHUAC MACIAS v LA JOLLA CRAB PARTNERS,<br>LLC; et al. | 37-2021-00024889-CU-WT-CTL |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:  Judge Ronald F. Frazier<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June  3 , 2021
THOMAS R. NIGRO, Atty for Plaintiff
  (TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

 CT Corporation

**Service of Process Transmittal**
06/16/2021
CT Log Number 539745395

| | |
|---|---|
| **TO:** | Patricia Turner<br>Patricia Nowak Turner<br>9601 KATY FWY STE 210<br>HOUSTON, TX 77024-1332 |
| **RE:** | **Process Served in California** |
| **FOR:** | TRULUCK'S RESTAURANT GROUP, LTD.  (Domestic State: TX) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CUITLAHUAC MACIAS, PLTF. vs. LA JOLLA CRAB PARTNERS, LLC, ET AL., DFTS. // TO: TRULUCK'S RESTAURANT GROUP LP<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 37202100024889CUWTCTL |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/16/2021 at 14:57 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/17/2021, Expected Purge Date: 09/15/2021<br><br>Image SOP<br><br>Email Notification, Patricia Turner  pturner@trulucks.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                         Wed, Jun 16, 2021

**Server Name:**              George Todd

| Entity Served | TRULUCK'S RESTAURANT GROUP LP |
|---|---|
| Case Number | 37-2021-00024889-CU-WT-CTL |
| Jurisdiction | CA |



# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT
GROUP LP; S&P RESTAURANTS, INC., WHICH WILL DO
BUSINESS IN CALIFORNIA AS TRULUCK'S S&P RESTAURANTS,
INC.; ADAM LANCASTER, an individual; and DOES 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CUITLAHUAC MACIAS

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/07/2021** at 03:08:33 PM
Clerk of the Superior Court
By Emily Schilawski, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
330 W. Broadway
San Diego, CA  92101
HALL OF JUSTICE

**CASE NUMBER:**
*(Número del Caso):* 37-2021-00024889-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

NICHOLAS CAMERON, ESQ.  (SB# 236607)
LAW OFFICES OF NICHOLAS CAMERON & ASSOCIATES
920 East Civic Center Drive
Santa Ana, CA  92701 Tel: 714-835-9900

THOMAS R. NIGRO, ESQ.  (SB# 113498)
LAW OFFICES OF THOMAS R. NIGRO
26632 Towne Centre Drive, Suite 300
Foothill Ranch, CA 92610  Tel: 949-453-1777

DATE: 06/08/2021
*(Fecha)*

Clerk, by _____ , Deputy
*(Secretario)*     E. Schilawski     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Truluck's ~~Restaurant~~ Restaurant Group LP

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
        ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

NICHOLAS CAMERON, ESQ. (SB#236607)
LAW OFCS OF NICHOLAS CAMEORN & ASSOC
920 East Civic Center Drive
Santa Ana, CA 92701
Tel: 714-835-9900 Fax: 714-835-9800

THOMAS R. NIGRO, ESQ. (SB#113498)
LAW OFFICES OF THOMAS R. NIGRO
26632 Towne Centre Drive, Suite 300
Foothill Ranch, CA 92610
Tel: 949-453-1777 Fax: 949-453-1677

TELEPHONE NO.: FAX NO.:

ATTORNEY FOR *(Name)*: Plaintiff, CUITLAHUAC MACIAS

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/07/2021** at 03:08:33 PM
Clerk of the Superior Court
By Emily Schilawski,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: HALL OF JUSTICE

CASE NAME: CUITLAHUAC MACIAS v LA JOLLA CRAB PARTNERS, LLC; et al.

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] **Counter** [ ] **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2021-00024889-CU-WT-CTL

JUDGE: Judge Ronald F. Frazier
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: Ten (10)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 3, 2021
THOMAS R. NIGRO, Atty for Plaintiff
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                CM-010

·**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.
**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.
**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor.
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**·To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)—Personal Injury/Property
      Damage/Wrongful Death
   Uninsured Motorist (46) *(if the*
      *case involves an uninsured*
      *motorist claim subject to*
      *arbitration, check this item*
      *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
         Wrongful Death
   Product Liability *(not asbestos or*
      *toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice–
         Physicians & Surgeons
      Other Professional Health Care
         Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip
         and fall)
      Intentional Bodily Injury/PD/WD
         (e.g., assault, vandalism)
      Intentional Infliction of
         Emotional Distress
      Negligent Infliction of
         Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business
      Practice (07)
   Civil Rights (e.g., discrimination,
      false arrest) *(not civil*
      *harassment)* (08)
   Defamation (e.g., slander, libel)
      (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
         *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)
**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease
         Contract *(not unlawful detainer*
            *or wrongful eviction)*
      Contract/Warranty Breach—Seller
         Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/
         Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case—Seller Plaintiff
      Other Promissory Note/Collections
         Case
   Insurance Coverage *(not provisionally*
      *complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
   Eminent Domain/Inverse
      Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent*
         *domain, landlord/tenant, or*
         *foreclosure)*
**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal*
      *drugs, check this item; otherwise,*
      *report as Commercial or Residential)*
**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
         Case Matter
      Writ–Other Limited Court Case
         Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
         Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims
      *(arising from provisionally complex*
      *case type listed above)* (41)
**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of
         County)
      Confession of Judgment *(non-*
         *domestic relations)*
      Sister State Judgment
      Administrative Agency Award
         *(not unpaid taxes)*
      Petition/Certification of Entry of
         Judgment on Unpaid Taxes
      Other Enforcement of Judgment
         Case
**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified*
      *above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-*
         *harassment)*
      Mechanics Lien
      Other Commercial Complaint
         Case *(non-tort/non-complex)*
      Other Civil Complaint
         *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
   Partnership and Corporate
      Governance (21)
   Other Petition *(not specified*
      *above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
         Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief from Late
         Claim
      Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7065 |

| PLAINTIFF(S) / PETITIONER(S):   CUITLAHUAC MACIAS |
|---|
| DEFENDANT(S) / RESPONDENT(S):  LA JOLLA CRAB PARTNERS LLC et.al. |
| MACIAS VS LA JOLLA CRAB PARTNERS LLC [IMAGED] |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2021-00024889-CU-WT-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Ronald F. Frazier                                         Department: C-65

**COMPLAINT/PETITION FILED:** 06/07/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/17/2021 | 10:15 am | C-65 | Ronald F. Frazier |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC.  (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged.  The court encourages and expects the parties to consider using ADR options prior to the CMC.  The use of ADR will be discussed at the CMC.  Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

 **CT Corporation**

**Service of Process Transmittal**
06/16/2021
CT Log Number 539745389

| | |
|---|---|
| **TO:** | Patricia Turner<br>Patricia Nowak Turner<br>9601 KATY FWY STE 210<br>HOUSTON, TX 77024-1332 |
| **RE:** | **Process Served in California** |
| **FOR:** | S&P Restaurants, Inc.  (Domestic State: TX) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CUITLAHUAC MACIAS, PLTF. vs. LA JOLLA CRAB PARTNERS, LLC, ET AL., DFTS. // TO: S&P Restaurants, Inc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 37202100024889CUWTCTL |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/16/2021 at 14:57 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/17/2021, Expected Purge Date: 09/15/2021<br><br>Image SOP<br><br>Email Notification,  Patricia Turner  pturner@trulucks.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br><br>877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Wed, Jun 16, 2021

**Server Name:**             George Todd

| Entity Served | S & P RESTAURANTS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS TRULUCK' |
|---|---|
| Case Number | 37-2021-00024889-CU-WT-CTL |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT
GROUP LP; S&P RESTAURANTS, INC., WHICH WILL DO
BUSINESS IN CALIFORNIA AS TRULUCK'S S&P RESTAURANTS,
INC.; ADAM LANCASTER, an individual; and DOES 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CUITLAHUAC MACIAS

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/07/2021** at 03:08:33 PM

Clerk of the Superior Court
By Emily Schilawski,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>330 W. Broadway<br>San Diego, CA  92101<br>HALL OF JUSTICE | **CASE NUMBER:**<br>*(Número del Caso):*<br>37-2021-00024889-CU-WT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| | |
|---|---|
| NICHOLAS CAMERON, ESQ. (SB# 236607)<br>LAW OFFICES OF NICHOLAS CAMERON & ASSOCIATES<br>920 East Civic Center Drive<br>Santa Ana, CA 92701 Tel: 714-835-9900 | THOMAS R. NIGRO, ESQ. (SB# 113498)<br>LAW OFFICES OF THOMAS R. NIGRO<br>26632 Towne Centre Drive, Suite 300<br>Foothill Ranch, CA 92610  Tel: 949-453-1777 |

DATE: 06/08/2021                    Clerk, by _____ , Deputy
*(Fecha)*                           *(Secretario)*  E. Schilawski   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* S+P Restaurants, Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

NICHOLAS CAMERON, ESQ. (SB#236607)    THOMAS R. NIGRO, ESQ. (SB#113498)
LAW OFCS OF NICHOLAS CAMEORN & ASSOC   LAW OFFICES OF THOMAS R. NIGRO
920 East Civic Center Drive           26732 Towne Centre Drive, Suite 300
Santa Ana, CA  92701                  Foothill Ranch, CA 92610
Tel: 714-835-9900 Fax: 714-835-9800   Tel: 949-453-1777 Fax: 949-453-1677
  TELEPHONE NO.:                      FAX NO.:
ATTORNEY FOR *(Name):*  Plaintiff, CUITLAHUAC MACIAS

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/07/2021** at 03:08:33 PM

Clerk of the Superior Court
By Emily Schilawski, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
  STREET ADDRESS: 330 W. Broadway
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Diego, CA  92101
  BRANCH NAME: HALL OF JUSTICE

| CASE NAME:  CUITLAHUAC MACIAS v LA JOLLA CRAB PARTNERS, LLC; et al. | |
|---|---|
| **CIVIL CASE COVER SHEET** | 37-2021-00024889-CU-WT-CTL |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | |
| (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Ronald F. Frazier  DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action *(specify):* Ten (10)

5. This case [ ] is   [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 3, 2021

THOMAS R. NIGRO, Atty for Plaintiff
(TYPE OR PRINT NAME)                                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

Page 1 of 2

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| --- | --- |
| STREET ADDRESS:        330 W Broadway | |
| MAILING ADDRESS:     330 W Broadway | |
| CITY AND ZIP CODE:    San Diego, CA 92101-3827 | |
| DIVISION:                     Central | |
| TELEPHONE NUMBER:  (619) 450-7065 | |

| PLAINTIFF(S) / PETITIONER(S):        CUITLAHUAC MACIAS |
| --- |

| DEFENDANT(S) / RESPONDENT(S):  LA JOLLA CRAB PARTNERS LLC et.al. |
| --- |

| MACIAS VS LA JOLLA CRAB PARTNERS LLC [IMAGED] |
| --- |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2021-00024889-CU-WT-CTL |
| --- | --- |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Ronald F. Frazier                                                    Department: C-65

## COMPLAINT/PETITION FILED: 06/07/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
| --- | --- | --- | --- | --- |
| Civil Case Management Conference | 12/17/2021 | 10:15 am | C-65 | Ronald F. Frazier |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC.  (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged.  The court encourages and expects the parties to consider using ADR options prior to the CMC.  The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

 **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2021-00024889-CU-WT-CTL      CASE TITLE: Macias vs La Jolla Crab Partners LLC [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
   • In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
   • In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| | |
|---|---|
| PLAINTIFF(S): CUITLAHUAC MACIAS | |
| DEFENDANT(S): LA JOLLA CRAB PARTNERS LLC et.al. | |
| SHORT TITLE: MACIAS VS LA JOLLA CRAB PARTNERS LLC [IMAGED] | |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2021-00024889-CU-WT-CTL |
|---|---|

Judge: Ronald F. Frazier                                       Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                     Date: _____

_____                            _____
Name of Plaintiff                                                   Name of Defendant

_____                            _____
Signature                                                              Signature

_____                            _____
Name of Plaintiff's Attorney                                     Name of Defendant's Attorney

_____                            _____
Signature                                                              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 06/08/2021                                                   _____
                                                                          JUDGE OF THE SUPERIOR COURT

# EXHIBIT B

NICHOLAS CAMERON, ESQ. (SB#236607)
LAW OFFICES OF NICHOLAS CAMERON & ASSOCIATES
920 East Civic Center Drive
Santa Ana, CA 92701
Tel: (714) 835-9900
Fax: (714) 835-9800

THOMAS R. NIGRO, ESQ. (SB#113498)
LAW OFFICES OF THOMAS R. NIGRO
26632 Towne Centre Drive, Suite 300
Foothill Ranch, CA 92610
Tel: (949) 453-1777
Fax: (949) 453-1677

Attorneys for Plaintiff, CUITLAHUAC MACIAS

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/07/2021** at 03:08:33 PM

Clerk of the Superior Court
By Emily Schilawski,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, HALL OF JUSTICE

| | |
|---|---|
| CUITLAHUAC MACIAS | CASE NO.: 37-2021-00024889-CU-WT-CTL |
| Plaintiff, | UNLIMITED JURISDICTION |
| vs. | **COMPLAINT FOR DAMAGES** |
| LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP LP; S&P RESTAURANTS, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TRULUCK'S S&P RESTAURANTS, INC.; ADAM LANCASTER, an individual; and DOES 1 through 100, inclusive | 1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** <br> 2. **RETALIATION (*Gov't. Code* § 12940(h));** <br> 3. **EMPLOYMENT DISCRIMINATION BASED UPON RACE AND NATIONALITY (*Gov't. Code* §12940(a));** <br> 4. **EMPLOYMENT DISCRIMINATION BASED UPON AGE *Gov't. Code* §12940(a));** |
| Defendant(s). | 5. **HOSTILE WORK ENVIRONMENT AND HARASSMENT IN THE WORK PLACE;** <br> 6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** <br> 7. **NEGLIGENT SUPERVISION AND RETENTION;** <br> 8. **FAILURE TO PAY MEAL PERIOD COMPENSATION (*Labor Code*, §§ 226.7 and 512);** <br> 9. **FAILURE TO PAY REST PERIOD COMPENSATION (*Labor Code* §226.7; *IWC Wage Order No.* 4-2001);** <br> 10. *UNFAIR BUSINESS PRACTICES (Bus. & Prof. Code § 17200)* |

1

**COMPLAINT FOR DAMAGES**

1   Plaintiff, CUITLAHUAC MACIAS, demanding a jury trial, bring this action against

2   Defendants, LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP LP; S&P

3   RESTAURANTS, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TRULUCK'S S&P

4   RESTAURANTS, INC.; ADAM LANCASTER, an individual; and DOES 1 through 100, inclusive,

5   for: general, compensatory, special, punitive, liquidated and statutory damages, costs and attorneys'

6   fees, resulting from defendants' unlawful and tortious conduct, and on other grounds therefore alleges

7   as follows:

8   **PARTIES AND VENUE**

9   1.     Plaintiff, CUITLAHUAC MACIAS (hereinafter "Plaintiff" or "MACIAS"), worked for

10  Defendants and resides in the County of San Diego, State of California, at all times material to this

11  Complaint. Plaintiff is a male person and 54 years old at the time of his termination.

12  2.     At all times material to this Complaint, Defendant, LA JOLLA CRAB PARTNERS,

13  LLC, was and is a limited liability company qualified to do business in the State of California and with

14  its principal place of business in California which is located at 8990 University Center Lane, San

15  Diego, County of San Diego, State of California. Defendants maintain records relevant to Plaintiff's

16  employment and the claims herein at their offices. On information and belief Defendants employ in

17  excess of five (5) employees in San Diego County and elsewhere.

18  3.     At all times material to this Complaint, Defendant, TRULUCK'S RESTAURANT

19  GROUP LP, was and is a limited partnership qualified to do business in the State of California and

20  with its principal place of business in California which is located at 8990 University Center Lane, San

21  Diego, County of San Diego, State of California. Defendants maintain records relevant to Plaintiff's

22  employment and the claims herein at their offices. On information and belief Defendants employ in

23  excess of five (5) employees in San Diego County and elsewhere.

24  4.     At all times material to this Complaint, Defendant, S&P RESTAURANTS, INC.,

25  WHICH WILL DO BUSINESS IN CALIFORNIA AS TRULUCK'S S&P RESTAURANTS, INC.,

26  was and is a limited partnership qualified to do business in the State of California and with its

27  principal place of business in California which is located at 8990 University Center Lane, San Diego,

28  County of San Diego, State of California. Defendants maintain records relevant to Plaintiff's

2

1  employment and the claims herein at their offices. On information and belief Defendants employ in
2  excess of five (5) employees in San Diego County and elsewhere.

3      5.    Defendants, LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT
4  GROUP LP; and S&P RESTAURANTS, INC., WHICH WILL DO BUSINESS IN CALIFORNIA
5  AS TRULUCK'S S&P RESTAURANTS, INC., shall hereinafter collectively be referred to as "LA
6  JOLLA" or "Defendants."

7      6.    Plaintiff is informed and believes and thereby alleges that Defendant, ADAM
8  LANCASTER, is and at all times relevant hereto was a California resident, an employee, manager and
9  supervisor of Defendant LA JOLLA, and one of Plaintiff's immediate supervisors.

10      7.    All wrongful and unlawful acts alleged in this Complaint occurred within this
11  jurisdictional district.

12      8.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as
13  DOES 1-100, inclusive, and therefore sue these Defendants by such fictitious names and capacities.
14  Plaintiff is informed and believes, and on that basis alleges, that each Defendant sued under such
15  fictitious names is in some manner responsible for the occurrences herein alleged, and that Plaintiff's
16  injuries as herein alleged were proximately caused by the conduct of such Defendants.

17      9.    Plaintiff is informed and believes and thereupon alleges that, at all times material
18  herein, each of the Defendants was functioning as the agent, servant, partner, employee and/or
19  working in concert with his, her or its co-Defendants and was acting within the course and scope of
20  such agency, partnership, employment and/or concerted activity. To the extent that certain acts and
21  omissions were perpetrated by certain defendants, the remaining Defendants confirmed and ratified
22  said acts and omissions of the co-Defendants, and in doing the actions mentioned below was acting
23  within the course and scope of his, her or its authority as such agent, servant, partner, and employee
24  with the permission, consent and ratification of the co-Defendants.

25      10.    Plaintiff is informed and believes and thereupon alleges that, at all times material
26  herein, each Defendant was completely dominated and controlled by his, her or its co-Defendant and
27  each was the alter ego of the other.

28  ///

3
COMPLAINT FOR DAMAGES

1    11.    Whenever and wherever reference is made in this Complaint to any act or failure to act

2    by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts

3    and failures to act of each Defendant acting individually, jointly, and severally. Whenever and

4    wherever reference is made to individuals who are not named as plaintiff or defendants in this

5    complaint shall be deemed employees and/or agents of Defendants within the course and scope of their

6    employment or agency.

7    12.    Plaintiff is informed and believes and thereupon alleges that, at all times material

8    herein, Defendants and each of them, and/or their agents/employees or supervisors, authorized,

9    condoned and ratified the unlawful conduct of each other.

10    13.    Plaintiff is informed and believes and thereupon alleges that, at all times material

11    herein, defendants, and/or their agents/employees knew or reasonably should have known that unless

12    they intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline,

13    and/or otherwise penalize the conduct of the employees of Defendants set forth above, the remaining

14    Defendants and employees perceived the conduct and omissions as being ratified and condoned.

15    **GENERAL ALLEGATIONS**

16    14.    Plaintiff is a male Spanish, Latin and/or Hispanic race and ancestry and of Mexican

17    national origin. Plaintiff was 54 years of age when Plaintiff's employment was terminated with

18    Defendants. Plaintiff was fully qualified to perform his employment functions and duties, and

19    Plaintiff performed the tasks dutifully and responsibly.

20    15.    Plaintiff was employed by LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S

21    RESTAURANT GROUP LP and S & P RESTAURANTS, INC. WHICH WILL DO BUSINESS IN

22    CALIFORNIA AS TRULUCK'S S&P RESTAURANTS, INC., (hereinafter collectively "LA

23    JOLLA"), located at 8990 University Center Lane, San Diego, CA 92122, as a line cook and

24    dishwasher for approximately 11 years. His employment began February 2009. His employment was

25    wrongfully terminated on or about August 2020. LA JOLLA is an upscale seafood and steak

26    restaurant.

27    16.    Plaintiff alleges that during his employment with Defendant, he was discriminated

28    against because of race and national origin. Defendant ADAM LANCASTER (hereinafter

4

**COMPLAINT FOR DAMAGES**

"LANCASTER"), a co-worker, made consistent and repeated discriminatory remarks including, without limitation, "we're going to call ICE so they can deport you" and "Mexicans do not deserve any breaks." These comments were ongoing, relentless and pervasive. During Plaintiff's employment, Caucasian employees received preferential treatment over Mexicans/Hispanic employees. On one occasion the general manager, Todd Perry (hereinafter "Perry") ripped up Plaintiff's vacation request in his face and denied his vacation request. Caucasian employees always had their vacation requests approved and never had any issues with their vacation requests.

17. Caucasian employees also were allowed to take rest breaks and meal breaks; Mexican and Hispanic employees were not allowed to take any rest or meal breaks. Plaintiff often complained to Defendants about not getting his breaks at work, instead Plaintiff was reprimanded for his complaints and was told repeatedly by LANCASTER "Mexican do not deserve any breaks." Plaintiff complained on numerous occasions to Defendants about the denigrating comments as well as the preferential treatment of Caucasians at work but nothing was ever done to correct the situation.

18. Plaintiff also alleges that he was discriminated at work because of his age. At the age of 54, Plaintiff was among the oldest employees working at the restaurant. For this reason, many of Plaintiff's younger co-workers made rampant denigrating comments about Plaintiff's age such as, but not limited to, "you're too old and slow to work here," as well as "you shouldn't be working here you're old," and "you're old! You never finish your work. You can't work anymore." Plaintiff complained to management about the hostility he endured on a daily basis but was ignored. The last time Plaintiff complained was 1 to 2 weeks prior to Defendants temporarily closing its doors on or about March 18, 2020 due to the COVID-19 pandemic.

19. On or about March 18, 2020, due to the COVID-19 pandemic, the restaurant was forced to close its doors. Plaintiff was told by management that he would be contacted by Defendants once the restaurant re-opened, but Plaintiff did not receive a call back. On or about June 2020, Plaintiff learned the restaurant had re-opened in May 2020. Chef, Sergio Campos (hereinafter "Campos" told Plaintiff the restaurant had hired new staff to replace the employees who had not been called back to work. Campos explained that Defendants had decided to split up the employees into two groups: Group 1 consisted of the employees who were called back to work and Group 2 consisted of the

employees who were paid the highest wages and the oldest employees working at the restaurant. Campos stated that all the employees in Group 2 had been terminated and would be receiving their final pay.

20.     Plaintiff alleges that during his employment with LA JOLLA, Plaintiff was discriminated against because of his age and race/national origin, among other unlawful acts, Plaintiff alleges he was harassed, retaliated against, denied a work environment free from discrimination, denied employment benefits, reprimanded, and wrongfully terminated from his employment of 11 years on March 18, 2020.

21.     On or about December 4, 2020, Plaintiff filed a complaint of discrimination with the Department of Fair Employment and Housing and received his right to sue letter on the same date.

### FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(As to Defendants LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP LP; S&P RESTAURANTS, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TRULUCK'S S&P RESTAURANTS, INC., and DOES 1 – 100, inclusive)

22.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 21 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

23.     Plaintiff is informed and believes, and thereon alleges, that on or about March 18, 2020, Plaintiff's employment was caused to be terminated by Defendants.  Plaintiff was terminated because of discrimination based on age and race/national origin, among other unlawful acts by Defendants. Such conduct by Defendants, and each of them, was in violation of public policy, including, but not limited to, *Government Code* §12940.

24.     As a direct and proximate result of the misconduct and unlawfulness of Defendants, and each of them, and the resulting termination of Plaintiff's employ, as aforesaid, Plaintiff sustained severe and serious injury, all to Plaintiff's damage in a sum to be shown according to proof.

25.     By reason of the foregoing, Plaintiff has suffered harm including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's damage in an amount to be shown

6

1   according to proof. Plaintiff is informed and believes, and thereon alleges, that he will be required to

2   employ the services of physicians, nurses and other health care professionals in the future, in an

3   amount to be shown according to proof.

4        26.    By reason of the foregoing, as aforesaid, Plaintiff has unable to engage in his

5   employment for a time subsequent to his termination, and Plaintiff is informed and believes and

6   thereon alleges that he will be unable to work in his usual and customary employment for an indefinite

7   period in the future, all to Plaintiff's damage in an amount to be shown according to proof.

8        27.    The conduct of Defendants in terminating Plaintiff's employment without good, just or

9   legitimate cause and because any discrimination based on race, age and national origin condition

10   violates California public policy including, but not limited to, California *Government Code* §12940.

11   Such actions were therefore done in conscious disregard of the rights of Plaintiff to be free of racial

12   discrimination in the workplace, among other rights secured under California law. Plaintiff is informed

13   and believes, and thereon alleges, that his termination by Defendants, and each of them, was done with

14   an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and

15   despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown

16   according to proof.

17                        **SECOND CAUSE OF ACTION**

18                     **RETALIATION (*Gov't. Code* §12940(h))**

19   (As to Defendants LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP LP;

20   S&P RESTAURANTS, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TRULUCK'S

21              S&P RESTAURANTS, INC., and DOES 1 – 100, inclusive)

22        28.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in

23   paragraphs 1 through 27 as though fully set forth herein, except if doing so is inconsistent with this

24   cause of action.

25        29.    Plaintiff was retaliated against due to complaints as set forth above which are protected

26   activities under the statute.

27   ///

28   ///

**COMPLAINT FOR DAMAGES**

30.     As a proximate result, Plaintiff has sustained and continues to sustain substantial damages including losses in earnings, other employment benefits as well as general and special damages.

31.     As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

32.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain physical injuries, pain and suffering, and extreme and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment, and for incidental medical expenses; and Plaintiff has suffered and continues to suffer a loss of earnings, stock options and other employment benefits. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

33.     Defendants' conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

### THIRD CAUSE OF ACTION

### EMPLOYMENT DISCRIMINATION BASED UPON RACE AND NATIONALITY
### IN VIOLATION OF *Gov't. Code* §12940(a)

(As to Defendants LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP LP; S&P RESTAURANTS, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TRULUCK'S S&P RESTAURANTS, INC., and DOES 1 – 100, inclusive)

34.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 33 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

35.     As a person of Hispanic heritage, Plaintiff is a member of a protected class within the meaning of the aforesaid *Government Code* sections. At all material times hereto, Plaintiff satisfactorily performed his duties and responsibilities as expected by Defendants.

///

36.     Plaintiff believes and thereon alleges that race, nationality and heritage were substantial factors in Defendants' actions including harassing and terminating him as set forth hereinabove.  Such discrimination is in violation of *Government Code* § 12940 et seq. and has resulted in damage and injury to Plaintiff as alleged herein.

37.     Defendants pursued the aforesaid conduct intentionally, willfully, maliciously, oppressively, and with a conscious and reckless disregard for the rights and safety of the Plaintiff. Therefore, pursuant to *Civil Code* § 3294, Plaintiff seeks the imposition of punitive and exemplary damages against the Defendant in an amount sufficient to punish and deter similar future conduct.

## FOURTH CAUSE OF ACTION

### EMPLOYMENT DISCRIMINATION BASED UPON AGE (*Gov't. Code* §12940(a))

(As to Defendants LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP LP; S&P RESTAURANTS, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TRULUCK'S S&P RESTAURANTS, INC., and DOES 1 – 100, inclusive)

38.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 37 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

39.     At all times herein mentioned, Defendants employed five or more persons, and *Government Code* §12900 et seq. were in full force and effect and were binding on Defendants. These sections require Defendants to refrain from discriminating against any employee on the basis of age, among other unlawful acts.

40.     Plaintiff is a member of a protected class within the meaning of the aforesaid *Government Code* sections.  At all material times hereto, Plaintiff satisfactorily performed his duties and responsibilities as expected by Defendants.

41.     Plaintiff believes and thereon alleges that his age of 54 years was a substantial factor in Defendants' actions including harassing and terminating Plaintiff as set forth hereinabove, because Defendants allege that Plaintiff's middle-age status could and would increase Plaintiff's chances of having further medical claims and/or leaves of absence, among other unlawful acts.  Such

9

COMPLAINT FOR DAMAGES

discrimination is in violation of *Government Code* §12940, et seq., and has resulted in damage and injury to Plaintiff as alleged herein.

42.     Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections and received and served a right-to-sue letter.

43.     As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

44.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain physical injuries, pain and-suffering, and extreme and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment, and for incidental medical expenses; and Plaintiff has suffered and continued to suffer a loss of earnings, stock options and other employment benefits. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

45.     Defendants' conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## FIFTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT AND HARASSMENT IN THE WORK PLACE

(As to All Defendants and DOES 1 – 100, inclusive)

46.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 45 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

47.     As set forth in the allegations above, Defendants, and each of them, engaged in a hostile work environment which included but was not limited to unsolicited and unwelcome speech and conduct described above and that a reasonable person would find offensive, creating an abusive and hostile work environment resulting in a negative effect on Plaintiff, Plaintiff's job performance and the conditions of employment.

**COMPLAINT FOR DAMAGES**

48.     As a direct and legal result of the wrongful acts of Defendants, and each of them, Plaintiffs have suffered and will continue to suffer severe injuries, pain, extreme anxiety, worry, mental anguish and upset, emotional and physical distress and aggravation, humiliation, damage to their reputations, undue financial hardship, all to the Plaintiff's damage in excess of the minimal jurisdiction amount of the Superior Court, Unlimited Jurisdiction.

49.     Defendants, and each of them, pursued the aforesaid conduct intentionally, willfully, maliciously, oppressively, and with a conscious and reckless disregard for the rights and safety of the Plaintiff. Therefore, pursuant to *Civil Code* §3294, Plaintiff seeks the imposition of punitive and exemplary damages against the Defendants, and each of them, and all statutory damages and penalties in an amount sufficient to punish and deter similar future conduct.

## SIXTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(As to All Defendants and DOES 1 – 100, inclusive)

50.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 49 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

51.     The conduct set forth hereinabove was extreme and outrageous and an abuse of the authority and position of Defendants, and each of them.  Said conduct was intended to cause severe emotional distress, and/or was done in conscious disregard of the probability of causing such distress. Defendants, and each of them, engaged in an intentional wrongful course of conduct which also resulted in the wrongful termination of Plaintiff.

52.     The foregoing conduct did in fact cause Plaintiff to suffer severe emotional distress. As a proximate result of said conduct, Plaintiff has suffered and continues to suffer pain, discomfort, anxiety, humiliation and emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof.

53.     Defendants, and each of them, pursued the aforesaid conduct intentionally, willfully, maliciously, oppressively, and with a conscious and reckless disregard for the rights and safety of the Plaintiff.  Therefore, pursuant to *Civil Code* §3294, Plaintiff seeks the imposition of punitive and

11

**COMPLAINT FOR DAMAGES**

1   exemplary damages against the Defendants, and each of them, and all statutory damages and penalties

2   in an amount sufficient to punish and deter similar future conduct.

3   ## SEVENTH CAUSE OF ACTION

4   ## NEGLIGENT SUPERVISION AND RETENTION

5   (As to Defendants LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP LP;

6   S&P RESTAURANTS, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TRULUCK'S

7   S&P RESTAURANTS, INC., and DOES 1 to 100, inclusive)

8   54.   Plaintiff incorporates by reference and re-alleges each and every allegation contained in

9   paragraphs 1 through 53 as though fully set forth herein, except if doing so is inconsistent with this

10  cause of action.

11  55.   At all times herein mentioned, ADAM LANCASTER was unfit and incompetent for

12  their positions.  ADAM LANCASTER unlawfully harassed Plaintiff as alleged above, creating an

13  abusive and hostile work environment.  Plaintiff complained to LA JOLLA regarding the pervasive

14  harassment and hostile conduct to no avail.  At all times, LA JOLLA was aware of the hostile and

15  abusive work environment and took no action to stop or prevent the harassment and wrongful conduct.

16  56.   Defendants owed Plaintiff a duty of reasonable care in its employment, retention, and

17  decision to ultimately terminate Plaintiff's employment.

18  57.   Defendants breached the duty of reasonable care owed to Plaintiff, in part, by failing

19  to adequately investigate the circumstances of Plaintiff's termination or providing an environment free

20  of discrimination, harassment and hatred.

21  58.   As a proximate result of Defendants' negligence against Plaintiff, Plaintiff has

22  sustained and continues to sustain substantial losses in earnings and other employment benefits.

23  59.   Plaintiff has been generally damaged in an amount within the jurisdictional limits of

24  this Court.

25  60.   In committing the foregoing acts, Defendants have been guilty of oppression, fraud,

26  and/or malice under California *Civil Code* §3294, thereby entitling Plaintiff to punitive damages in a

27  sum appropriate to punish and make an example out of Defendants.

28  ///

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY MEAL PERIOD COMPENSATION (*Labor Code*, §§ 226.7 and 512)

(As to Defendants LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP LP; S&P RESTAURANTS, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TRULUCK'S S&P RESTAURANTS, INC., and DOES 1 through 100, inclusive)

61.     Plaintiff re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 60 as though fully set forth in this cause of action, except if doing so is inconsistent with this cause of action.

62.     *Labor Code* § 226.7 provides in pertinent part the following:

> 226.7 .... (c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

63.     *Labor Code* § 512 provides in pertinent part the following:

> 512. (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was hot waived.

64.     At relevant times herein, Plaintiff worked for periods of more than five hours without a meal period of at least 30 minutes.

65.     Plaintiff was not paid an additional hour of pay at the regular rate of compensation in lieu of the mandated meal period required by the *Labor Code*.

///

///

13

**COMPLAINT FOR DAMAGES**

66.     As a direct and proximate result of the aforementioned acts and omissions, Plaintiff has sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

### NINTH CAUSE OF ACTION

### FAILURE TO PAY REST PERIOD COMPENSATION

### *(Labor Code § 226.7; IWC Wage Order No. 4-2001))*

(As to Defendants LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP LP; S&P RESTAURANTS, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TRULUCK'S S&P RESTAURANTS, INC., and DOES 1 – 100, inclusive)

67.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 66 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

68.     *Labor Code § 226.7 provides in pertinent part the following:*

> 226.7 .... (c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

69.     *Industrial Welfare Commission Wage Order* 4-2001 provides in pertinent part:

> 12. Rest Periods.
>
> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.
>
> (B) If an employer fails to provide an employee a rest period in accordance

<div align="center">14</div>

with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

70.   At relevant times herein, Plaintiff worked for periods of more than four hours or major fraction thereof without rest periods of at least 10 minutes.

71.   Plaintiff was not paid an additional hour of pay at the regular rate of compensation in lieu of the mandated rest period required by the *Labor Code*.

72.   As a direct and proximate result of the aforementioned acts and omissions, Plaintiff has sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

### TENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES (*Bus. & Prof. Code* § 17200)

(As to Defendants LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP LP; S&P RESTAURANTS, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TRULUCK'S S&P RESTAURANTS, INC., and DOES 1 through 100, inclusive)

73.   Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 72 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

74.   Defendant committed acts of unfair business practices, as defined by *Business and Professions Code* §.17200, by failing to pay overtime and minimum wage in violation of *Cal. Labor Code* §§ 510 and 1194, failing to pay wages in a timely manner in violation of *Labor Code* § 204; failure to pay earned wages in violation of *Labor Code* §§ 204, 206 and 210; failure to pay meal and rest compensation in violation of *Labor Code* § 226.7 and IWC Wage Order 4-2001, among other unlawful acts. These acts and practices, as fully described above, violated *Business and Professions Code* § 17200.

75.   Plaintiff is entitled to restoration and/or restitution of money unlawfully withheld as a result of the actions alleged above.

///

15

**COMPLAINT FOR DAMAGES**

76.     In committing the foregoing acts, Defendants have been guilty of oppression, fraud and/or malice under California *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example of Defendants.

**WHEREFORE**, Plaintiff, CUITLAHUAC MACIAS, demands judgment against the Defendants, and each of them, as follows:

1.      General damages, including non-economic damages in the sum of $2,000,000;

2.      Special damages, including economic damages, including without limitation, loss of income, loss of wages, loss of back-pay and front-pay, loss of employment benefits, loss of earning capacity and medical expenses in the sum of $1,500,000;

3.      For restoration and restitution of money acquired by unfair business practices in the sum of $500,000;

4.      Punitive and exemplary damages in the sum of $2,000,000;

5.      For prejudgment interest and interest provided by law including, but not limited to, *Civil Code* § 3291 at the rate of 10% per annum in the sum of $150,000;

6.      For attorney's fees pursuant to *Government Code* §12965(b) and all other applicable law, in the sum of $300,000;

7.      Costs of suit incurred herein in the sum of $35,000; and

8.      For such other and further relief as the Court deems just and proper.

DATED: June __3__ , 2021                          LAW OFFICES OF THOMAS R. NIGRO

THOMAS R. NIGRO

LAW OFFICES OF NICHOLAS CAMERON &
ASSOCIATES
Nicholas Cameron, Esq.

Attorneys for Plaintiff, CUITLAHUAC MACIAS

**COMPLAINT FOR DAMAGES**

# EXHIBIT C

Jennifer C. Terry (SBN 200541)
Email:    jennifer.terry@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Ronnie Shou (SBN 312955)
Email:    rshou@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
LA JOLLA CRAB PARTNERS, LLC;
TRULUCK'S RESTAURANT GROUP LP;
S&P RESTAURANTS. INC., AND ADAM
LANCASTER

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/14/2021** at 01:17:00 PM

Clerk of the Superior Court
By Melinda McClure, Deputy Clerk

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| CUITALHUAC MACIAS, | Case No.: 37-2021-00024889-CU-WT-CTL |
| Plaintiff, | **DEFENDANTS LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP LP; AND S&P RESTAURANTS. INC.'S ANSWER TO COMPLAINT FOR DAMAGES** |
| vs. | |
| LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP LP; S&P RESTAURANTS, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS TRULUCK'S S&P RESTAURANTS, INC.; ADAM LANCASTER, an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |

1    Defendants LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP

2    LP; and S&P RESTAURANTS. INC. ( collectively "Defendants") for themselves and for no other

3    party, person or entity, and without waiver of any right or privilege, hereby submits the following

4    Answer to the initial Complaint (the "Complaint") of Plaintiff CUITLAHUAC MACIAS

5    ("Plaintiff"):

6                                **GENERAL DENIAL**

7    Pursuant to the provisions of California Code of Civil Procedure Section 431.30, Defendants,

8    generally and specifically deny each and every material allegation set forth in the Complaint, and

9    each and every purported cause of action contained therein, and further deny, generally and

10   specifically that Plaintiff is entitled to any relief or that Plaintiff has suffered damages in the amount

11   prayed, or at all, by reason of any act or omission on the part of Defendants, or on the part of any

12   agent or employee of Defendants.

13                        **SEPARATE AND AFFIRMATIVE DEFENSES**

14   Defendants allege each of the following affirmative defenses to each and every cause of

15   action asserted against it and to each of the acts and/or omissions with which Defendants are charged

16   in the Complaint.  Defendants hereby allege the following affirmative defenses without assuming the

17   burden of proof for such where the burden of defense is not by law upon Defendants. Defendants

18   aver that they have not knowingly or intentionally waived any applicable affirmative defenses and

19   reserve the right to assert and rely on such other applicable affirmative defenses as they may become

20   available or apparent during discovery.  Defendants further reserve the right to further amend their

21   Answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it later

22   determines are not applicable as a result of further investigation or subsequent discovery. By

23   alleging the defenses set forth below, Defendants do not thereby agree or admit that they have the

24   burden of proof, persuasion, or production with respect to any elements of any defense, or that

25   Plaintiff properly asserted any cause of action against this answering Defendants.

26   //

27   //

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action/Uncertainty)

Plaintiff's Complaint and each cause of action alleged therein fail to allege facts sufficient to constitute a claim upon which relief may be granted against Defendants. In particular, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action because the Complaint consists merely of general and vague allegations, with legal conclusions of the alleged violations of law.  It is devoid of any factual specifics setting forth how Defendants allegedly violated any of the provisions on which Plaintiff bases his lawsuit. Further, Plaintiff's Complaint and each cause of action contained therein are ambiguous, uncertain, and unintelligible.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendants allege that all or some of the causes of action alleged in the Complaint are barred by the applicable statute of limitations, including but not limited to, Code of Civil Procedure sections 335.1, 337, 338, 339, 340, 343, Government Code sections 12960 and 12965, and Labor Code sections 226.7 and 203(b), and the like, to the extent Plaintiff seeks relief for conduct occurring outside the relevant statute of limitations period.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

Defendants allege and expect that discovery will confirm, that Plaintiff is estopped from obtaining the relief sought, or pursuing any of the claims raised or causes of actions contained in his Complaint by virtue of his acts, failure to act, conduct, representations, admissions, and the like.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendants allege that the Complaint, and each and every purported cause of action set forth therein, is barred by the doctrine of waiver by reason of Plaintiff's own actions and course of conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Defendants allege that Plaintiff is barred from recovering against Defendants by the equitable

– 2 –

1  doctrine of laches as to Plaintiff's causes of action as Defendants is informed, believes and

2  understands, and expects that discovery will confirm that Plaintiff delayed in asserting any purported

3  right and such delay was inexcusable. His delay, without good cause, has made it more difficult for

4  Defendants to defend against Plaintiff's claims.

5  ### SIXTH AFFIRMATIVE DEFENSE

6  **(After-Acquired Evidence Doctrine)**

7  Defendants allege that Plaintiff's causes of action are barred or mitigated in whole or in part

8  to the extent Defendants discover evidence after-the-fact that amounts to a defense to any claim against

9  them.

10  ### SEVENTH AFFIRMATIVE DEFENSE

11  **(Managerial Discretion)**

12  Defendants allege that Plaintiff's Complaint and each cause of action contained therein are

13  barred, in whole or in part, by the doctrine of managerial discretion.

14  ### EIGHTH AFFIRMATIVE DEFENSE

15  **(Failure to Exhaust Administrative Remedies and Statutory Prerequisites)**

16  Defendants allege that Plaintiff's Complaint and each cause of action therein are barred, in

17  whole or in part, because Plaintiff has failed to exhaust his administrative remedies in a timely and

18  complete manner or to comply with the statutory prerequisites for bringing suit and/or seeking judicial

19  review contained in the California Fair Employment and Housing Act ("FEHA"). Moreover, to the

20  extent Plaintiff makes allegations or claims which were not made the subject of a timely Complaint or

21  petition against Defendants filed by or on behalf of Plaintiff with the California Department of Fair

22  Employment and Housing ("DFEH") and/or the Equal Employment Opportunity Commission

23  ("EEOC"), the Court lacks jurisdiction with respect to any such allegations or claims.

24  ### NINTH AFFIRMATIVE DEFENSE

25  **(Good-Faith Belief, Justification, Legitimate Business Reason, and Privilege)**

26  Defendants allege that the actions of Defendants with respect to the subject matter in each of

27  the alleged causes of action were undertaken in good faith and for good cause, with the absence of

28  malicious intent to injure Plaintiff, and constitute lawful, proper, and justified means to further the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

sole purpose of Defendants to engage in and continue their business activities. Therefore, if Defendants affected Plaintiff's employment, which Defendants expressly deny, Defendants' acts were privileged and justified. By reason thereof, Plaintiff is barred, in whole or in part, from recovery on any of the alleged causes of action. Defendants allege that all of their acts affecting the terms and/or conditions of Plaintiff's employment were motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity. Such acts were proper, fair, legitimate business activities and/or due to business-related reasons which were not arbitrary, capricious, or unlawful.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendants allege that Plaintiff's failure to mitigate his alleged damages bars his claims for damages, in whole or in part. If any damages or relief are awarded to Plaintiff, such damages or relief must be reduced or limited to the extent of Plaintiff's failure to mitigate.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Defendants allege that they maintained policies prohibiting discrimination, harassment, and retaliation and had in place an effective complaint procedure. Had Plaintiff made proper use of that procedure and had he complied with those policies, he could have avoided all or part of the damages claimed in this action with reasonable effort. Accordingly, Plaintiff's claims are barred in whole or in part by the doctrine of avoidable consequences.

### TWELFTH AFFIRMATIVE DEFENSE

### (Outside the Scope of Authority)

Defendants allege that any unlawful or other wrongful acts attributed to any person(s) employed by Defendants were outside the scope of his/her authority and such acts, if any, were not authorized, ratified or condoned by Defendants nor did Defendants know or have reason to be aware of such alleged conduct.

//

//

– 4 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Remedial Measures)

3      Defendants allege that there were in effect policies and procedures regarding the prohibition,

4  reporting, and remediation of all types of harassment, discrimination, and retaliation, whether on the

5  basis of disability, or otherwise.  Plaintiff was aware of these policies and procedures.  At all pertinent

6  times, Defendants exercised reasonable care to prevent and promptly correct any

7  retaliation/harassment, and Plaintiff unreasonably failed either to take advantage of preventive or

8  corrective opportunities provided by Defendants or to otherwise avoid harm.

9

## FOURTEENTH AFFIRMATIVE DEFENSE

10

### (Treatment No Different in the Absence of Discriminatory or Retaliatory Motive)

11      Defendants allege that Plaintiff's Complaint and each cause of action therein are barred in

12  whole or in part on the grounds that Defendants' treatment of Plaintiff was entirely independent of

13  any alleged discriminatory or retaliatory motive, such that Defendants would have treated Plaintiff the

14  same whether or not a discriminatory or retaliatory motive existed, which it did not.

15

## FIFTEENTH AFFIRMATIVE DEFENSE

16

### (Mixed Motive)

17      Defendants allege that, if any unlawful discriminatory motive existed in connection with any

18  employment decision involving Plaintiff (which they deny), any and all claims for damages are

19  nevertheless barred because such employment decision would have been made even without any such

20  unlawful discriminatory motive.

21

## SIXTEENTH AFFIRMATIVE DEFENSE

22

### (Prompt Action)

23      Defendants allege that Plaintiff's Complaint and the causes of action under the FEHA are

24  barred because (a) Defendants took reasonable steps to prevent and correct workplace discrimination

25  and retaliation, (b) Plaintiff unreasonably failed to use the preventative and corrective measures that

26  Defendants provided, and (c) reasonable use of Defendants' procedures would have prevented the

27  harm that Plaintiff allegedly suffered.

28

– 5 –

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Consent/Ratification)**

Defendants allege that Plaintiff's Complaint, and each cause of action therein, is barred in whole or in part because he had consented to, encouraged, voluntarily participated, or otherwise ratified, expressly or impliedly, the actions or conduct that might be attributed to Defendants.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Knowledge/Intent)**

Defendants allege that Plaintiff's Complaint and each cause of action therein are barred in whole or in part because Defendants at all material times lacked the requisite knowledge and/or intent to do any act or make any statement alleged in the Complaint, and thus, Plaintiff's causes of action predicated on such knowledge or intent are barred as a matter of law.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Intervening/Superseding Cause)**

Defendants allege Plaintiff's Complaint and each cause of action contained therein, including but not limited to, Plaintiff's causes of action for emotional distress contained therein are barred, in whole or in part, because the injuries or damages alleged by Plaintiff, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendants. Any action on the part of Defendants was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims to have suffered.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Exclusivity of Workers' Compensation Act)**

Defendants allege that to the extent Plaintiff seeks damages on account of alleged physical and/or emotional injury arising from his alleged employment or the termination thereof, Plaintiff's causes of actions are barred, in whole or in part, by the exclusivity provisions of the California Workers' Compensation Act, Labor Code section 3600 *et seq*.

//

//

//

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Private Right of Action)

Defendants allege Plaintiff's cause of action for failure to prevent discrimination and retaliation is barred and/or any recovery of damages is precluded because the law does not recognize a private cause of action for such claim. *See e.g.*, 2 Cal. Code Regs. §§11023; *Department of Fair Employment and Housing v. Lyddan Law Group, LLP, et al,* Case No. E-20067-A-1082-00-rs; E-20067-A-1082-01-rs; C 07-08-062.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Third Party)

Defendants allege that Plaintiff's Complaint and each cause of action contained therein are barred, in whole or in part, because any injuries or damages alleged by Plaintiff, if any, were caused, in whole or in part, by the acts or omissions of others, for whose conduct Defendants are not responsible; and in the event Defendants are found liable for any damages asserted, Defendants are entitled to have their liability diminished in proportion to the damages attributed to the culpable conduct of such persons or entities other than Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional/Not Recoverable Against Corporate Defendant)

Defendants allege that Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages under California law in general or such award under California law as applied to the Complaint of this specific action would violate Defendants' constitutional rights under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff is not entitled to recover punitive or exemplary damages from Defendants for the alleged acts referred to in the Complaint on the grounds that the alleged acts were not committed or authorized by an officer, director, or managing agent of Defendants, nor did Defendants, their officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed the acts, nor did Defendants employ the employees with a conscious disregard of the rights and safety of others.

– 7 –

1

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2

**(Apportionment of Fault)**

3      Defendants allege that any purported negligent acts or wrongful conduct of other persons

4 caused Plaintiff's damages, solely or in part, such that Plaintiff's damages, if any, should be

5 apportioned among the responsible parties.

6

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

7

**(Setoff and Recoupment)**

8      Defendants allege that if any damages have been sustained by Plaintiff, although such is

9 specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to

10 offset all overpayments by Defendants, all obligations owed to Defendants, and/or any and all earnings

11 or benefit Plaintiff received from any source, against any judgment that may be entered against

12 Defendants.

13

**RESERVATION OF RIGHTS**

14      Defendants presently has insufficient knowledge and/or information on which to form a

15 belief as to whether it may have additional, as yet unstated, affirmative defenses available.

16 Defendants reserve the right to assert such additional defenses that may appear and prove applicable

17 during the course of this litigation.

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 8 –

**WHEREFORE**, Defendants pray as follows:

1.      That Plaintiff take nothing by reason of the Complaint and be afforded no relief;

2.      That judgment be entered in favor of Defendants and against Plaintiff;

3.      That the Complaint be dismissed in their entirety with prejudice;

4.      That Defendants be awarded their attorneys' fees and costs; and

5.      For such other and further relief as the Court deems just and proper.


DATED:  July 14, 2021

REED SMITH LLP


By: _____
Jennifer C. Terry
Ronnie Shou
Attorneys for Defendants
LA JOLLA CRAB PARTNERS, LLC;
TRULUCK'S RESTAURANT GROUP LP; S&P
RESTAURANTS. INC. AND ADAM
LANCASTER

**PROOF OF SERVICE**

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP,
101 Second Street, Suite 1800, San Francisco, California  94105-3659.  On July 14, 2021, I served the following document(s) by the method indicated below:

**DEFENDANTS LA JOLLA CRAB PARTNERS, LLC; TRULUCK'S RESTAURANT GROUP LP; AND S&P RESTAURANTS. INC.'S ANSWER TO COMPLAINT FOR DAMAGES**

☑     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐     by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐     by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐     by transmitting via email to the parties at the email addresses listed below:

NICHOLAS CAMERON, ESQ.
LAW OFFICES OF NICHOLAS
CAMERON ASSOCIATES
920 East Civic Center Drive
Santa Ana, CA 92701
Tel: (714) 835-9900
Fax: (714) 835-9800

Attorneys for Plaintiff
Cuitlahuac Macias

THOMAS R. NIGRO, ESQ.
LAW OFFICES OF THOMAS R. NIGRO
26632 Towne Centre Drive, Suite 300
Foothill Ranch, CA 92610
Tel: (949) 453-1777
Fax: (949) 453-1677

Attorneys for Plaintiff
Cuitlahuac Macias

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on July 14, 2021, at San Francisco, California.

_Karen Ellis_
Karen Ellis

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT D

| Secretary of State **Statement of Information** (Limited Liability Company) | LLC-12 | 21-B59555 |
|---|---|---|

**FILED**

In the office of the Secretary of State
of the State of California

MAR 23, 2021

**IMPORTANT** — Read instructions before completing this form.

**Filing Fee – $20.00**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**This Space For Office Use Only**

**1. Limited Liability Company Name** (Enter the exact name of the LLC.  If you registered in California using an alternate name, see instructions.)

LA JOLLA CRAB PARTNERS, LLC

| **2. 12-Digit Secretary of State File Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 200815810193 | TEXAS |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box 9601 Katy Freeway Suite 210 | Houston | TX | 77024 |
| b. Mailing Address of LLC, **if different than item 4a** 9601 Katy Freeway Suite 210 | Houston | TX | 77024 |
| c. Street Address of **California** Office, if Item 4a is not in California - Do not list a P.O. Box 8990 University Center Lane | San Diego | CA | 92122 |

**5. Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank).  If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank).  Note:  The LLC cannot serve as its own manager or member.  If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

b. Entity Name - Do not complete Item 5a
Truluck's Restaurant Group LTD

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 9601 Katy Freeway Suite 210 | Houston | TX | 77024 |

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

**CORPORATION** – Complete Item 6c only.  Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b
C T CORPORATION SYSTEM (C0168406)

**7. Type of Business**

a. Describe the type of business or services of the Limited Liability Company
Full Service Restaurant

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9. The Information contained herein, including any attachments, is true and correct.**

| 03/23/2021 | Patricia  N Turner | VP/Manager | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed.  SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

| | | |
|---|---|---|
| **Attachment to Statement of Information** (Limited Liability Company) | **LLC-12A Attachment** | **21-B59555** |

**A.   Limited Liability Company Name**

LA JOLLA CRAB PARTNERS, LLC

This Space For Office Use Only

| **B.   12-Digit Secretary of State File Number** | **C.   State or Place of Organization** (only if formed outside of California) |
|---|---|
| 200815810193 | TEXAS |

**D.   List of Additional Manager(s) or Member(s) -** If the manager/member is an individual, enter the individual's name and address.  If the manager/member is an entity, enter the entity's name and address.  Note:  The LLC cannot serve as its own manager or member.

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Patricia | N | Turner | |
| Entity Name | | | |

| Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 9601 Katy Freeway Suite 210 | Houston | TX | 77024 |

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| J. | Stuart | Sargent | |
| Entity Name | | | |

| Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 9601 Katy Fwy, Ste 210 | Houston | TX | 77024 |

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |
| Entity Name | | | |

| Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |
| Entity Name | | | |

| Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |
| Entity Name | | | |

| Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |
| Entity Name | | | |

| Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

| First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |
| Entity Name | | | |

| Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

# EXHIBIT E



**State of California**

**Secretary of State**

LP-5   File # **200915400007**

**FOREIGN LIMITED PARTNERSHIP
APPLICATION FOR REGISTRATION**

**FILED**
In the Office of the Secretary of State
of the State of California

**JUN 01 2009**

A $70.00 filing fee AND a certificate of good standing by an authorized public official of the jurisdiction of formation must accompany this form.

| IMPORTANT – Read instructions before completing this form. | This Space For Filing Use Only |
| --- | --- |

**ENTITY NAME** (See instructions for name requirements in the State of California )

1. NAME OF FOREIGN LIMITED PARTNERSHIP

*TRULUCK'S RESTAURANT GROUP LTD*

2. ALTERNATE NAME (if the name in Item 1 does not comply with the requirements of California Corporations Code section 15901.08. See instructions)

*TRULUCK'S RESTAURANT GROUP LP*

**OFFICE ADDRESSES** (Please do not abbreviate the name of the city )

| 3 ADDRESS OF PRINCIPAL OFFICE | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- |
| *9601 KATY FRWY STE 210* | *HOUSTON* | *TX* | *77024* |

| 4 ADDRESS OF OFFICE REQUIRED IN THE JURISDICTION OF FORMATION, IF ANY | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- |
| | | | |

**DATE AND PLACE OF ORGANIZATION**

5. THE FOREIGN LIMITED PARTNERSHIP WAS FORMED ON *11* (MONTH) - *10* (DAY) - *1999* (YEAR) UNDER THE LAWS OF *STATE of TEXAS* (STATE OR COUNTRY)

**INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA** (If the initial agent is an individual, the agent must reside in California and both Items 6 and 7 must be completed. If the initial agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 6 must be completed (leave Item 7 blank).)

6. NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

*C T CORPORATION SYSTEM*

| 7 IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CA | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- |
| | | **CA** | |

**GENERAL PARTNERS** (Enter the names and addresses of all the general partners. Attach additional pages, if necessary. Attachments, if any, are incorporated herein by this reference and made part of this document )

| 8a NAME | ADDRESS | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- | --- |
| *S&P RESTAURANTS, INC* | *9601 KATY FRWY STE 210* | *HOUSTON* | *TX* | *77024* |

| 8b NAME | ADDRESS | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- | --- |
| | | | | |

**FOREIGN LIMITED LIABILITY LIMITED PARTNERSHIP**

9. [ ] CHECK THIS BOX IF THE FOREIGN LIMITED PARTNERSHIP IS A FOREIGN LIMITED LIABILITY LIMITED PARTNERSHIP

**EXECUTION** (This document must be signed by at least one general partner of the foreign limited partnership. If additional signature space is necessary, the signatures may be made on an attachment to this document.)

10. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

*05-12-2009*
DATE

*Patricia N. Turner*
SIGNATURE OF GENERAL PARTNER
*PATRICIA N. TURNER, V.P. of
S&P RESTAURANTS, INC*
TYPE OR PRINT NAME OF GENERAL PARTNER

| LP-5 (REV 01/2008) | APPROVED BY SECRETARY OF STATE |
| --- | --- |

Corporations Section
P.O Box 13697
Austin, Texas 78711-3697



Hope Andrade
Secretary of State

# Office of the Secretary of State

### Certificate of Fact

The undersigned, as Secretary of State of Texas, does hereby certify that the document, Certificate Of Limited Partnership for TRULUCK'S RESTAURANT GROUP, LTD. (file number 12666110), a Domestic Limited Partnership (LP), was filed in this office on November 10, 1999.

It is further certified that the entity status in Texas is in existence.

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on May 13, 2009.



Hope Andrade
Secretary of State

# 200915400007

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555
Prepared by: SOS-WEB

Fax: (512) 463-5709
TID: 10264

Dial: 7-1-1 for Relay Services
Document: 257744400002

**EXHIBIT F**



# State of California

## Secretary of State

F

**Statement of Information**
(Foreign Corporation)

**FEES (Filing and Disclosure): $25.00.  If amendment, see instructions.**
**IMPORTANT - READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

E-P60520

**FILED**

In the office of the Secretary of
State of the State of California

**Nov - 29 2012**

This Space For Filing Use Only

---

**1. CORPORATE NAME**

C3396300

S & P RESTAURANTS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS
TRULUCK'S S&P RESTAURANTS, INC.

9601 KATY FRWY
HOUSTON TX 77024

---

**DUE DATE:**

---

**No Change Statement**  ( Not applicable if agent address of record is a P.O. Box address. See instructions.)

2. ☐   If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State,
check the box and proceed **to Item 12.**

If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no
statement has been previously filed, this form must be completed in its entirety.

---

**Complete Addresses for the Following**  (Do not abbreviate the name of the city. Items 3 and 4 cannot be P.O. Boxes.)

| 3. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 9601 KATY FRWY  STE 210  HOUSTON  TX 77024 | | | |

| 4. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

| 5. MAILING ADDRESS OF THE CORPORATION, IF DIFFERENT THAN ITEM 3 | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

---

**Names and Complete Addresses of the Following Officers**  (The corporation must list these three officers.  A comparable
title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| 6. CHIEF EXECUTIVE OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| JOHN  STUART  SARGENT  9601 KATY FRWY  STE 210  HOUSTON, TX 77024 | | | | |

| 7. SECRETARY | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| PATRICIA N  TURNER  9601 KATY FRWY  STE 210  HOUSTON, TX 77024 | | | | |

| 8. CHIEF FINANCIAL OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| KAREN  E  FERREIRA  9601 KATY FRWY  STE 210  HOUSTON  TX 77024 | | | | |

---

**Agent for Service of Process**  (If the agent is an individual, the agent must reside in California and Item 10 must be completed
with a California street address (a P.O. Box is not acceptable).  If the agent is another corporation, the agent must have on file with the
California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 10 must be left blank.)

**9.  NAME OF AGENT FOR SERVICE OF PROCESS**

C T CORPORATION SYSTEM

| 10.  STREET ADDRESS OF THE AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL** | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

---

**Type of Business**

**11.  DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION**

RESTAURANT

---

**12.  THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.**

| 11/29/2012 | PATRICIA N TURNER | VP/SECRETARY | |
|---|---|---|---|
| DATE | TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | TITLE | SIGNATURE |

---

SI-350 (REV 10/2010)

APPROVED BY SECRETARY OF STATE